IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CLEVELAND LAVELL LEE                                                                         PLAINTIFF

      v.                           Civil No. 13-5301

OFFICER JOSEF HUDGENS, Fayetteville
Police Department; CHRIS C. KETTERMAN,
Security Guard, Washington Regional Medical
Center; GRANT THOMAS GARRETT, Nurse,
Washington Regional Medical Center; and
NURSE RHONDA BRADLEY, Washington County
Detention Center                                                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### 1. Background

According to the allegations of the complaint, Plaintiff was in a car accident on September 25, 2013. He maintains he was arrested at the scene and forced into an ambulance.

Plaintiff was taken to Washington Regional Medical Center where he refused to urinate for the officer because he had been drinking. However, Plaintiff states he was not driving.

Plaintiff alleges he was in and out of consciousness as a result of the accident. He alleges that Officer Hudgens was highly upset and wanted to "stick" Plaintiff with charges.

After he passed out, Plaintiff states he woke up to discover one nurse punching him in the chest and the other nurse with Plaintiff's penis in his hand pulling on it. Plaintiff believes the nurse was trying to force him to urinate while assaulting him.

Once he was booked into the Washington County Detention Center (WCDC), Plaintiff maintains that Nurse Rhonda Bradley gave him "crazy medication to make it seem like I was crazy." He states he never asked to be placed on medication and had not been on the medication previously.

**2. Discussion**

Several of Plaintiff's claims are subject to dismissal. First, his claims against the hospital nurse, Grant Garrett, are subject to dismissal. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Nurse Garrett is a private nurse who was not employed by the WCDC. In *Montano v. Hedgepeth*, 120 F.3d 844 (8th Cir. 1997), the Eighth Circuit set forth the analysis to be applied in determining whether state action exists for purposes of § 1983. Specifically, the court said:

> In ascertaining the presence of state action, we must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982). Resolving this question entails a journey down a particularly fact-bound path, *see id*. at 939, 102 S. Ct. at 2754-55, but the Supreme Court has identified two legal touchstones to provide guidance along the way. To begin with, there can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id*. at 937, 102 S. Ct. at 2753. Furthermore, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id*.; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir.1987) (repeating two part test).

*Montano*, 120 F.3d at 848.

In this case, Plaintiff was treated at a local hospital. There is no allegation that the treatment was rendered pursuant to a contract between the hospital, the nurse, and the WCDC. Applying the functional approach adopted by the Eighth Circuit in *Montano*, I believe a private nurse treating a detainee at a facility not associated with the detention center and utilizing his independent medical judgment is not answerable to the state and does not act under color of state law for purposes of § 1983. *See e.g., Koulkina v. City of New York*, 559 F. Supp. 2d 300, 320 (S.D.N.Y. 2008)(private physician not state actor when he merely provided treatment in accordance with his professional medical judgment and was not under a state contract).

Second, Plaintiff's claims against the private security guard are likewise subject to dismissal. He was employed by the hospital and any authority he had over the Plaintiff arose solely from that employment. *See e.g., Smith v. Detroit Entertainment L.L.C.,* 338 F. Supp. 2d 775 (E.D. Mich. 2004)(private security officers were not acting under color of state law).

### 3. Conclusion

For the reasons stated, I recommend that the claims against Nurse Grant T. Garrett and Security Guard Chris C. Ketterman be dismissed for failure to state a claim upon which relief may be granted. By separate order the complaint will be served on Officer Hudgens and Nurse Bradley.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)